AMERICAN FIDELITY & CASUALTY CO. v. ABBOTT.

No. 3723.

Court of Civil Appeals of Texas. Amarillo.

Jan. 27, 1932.

Rehearing Denied Feb. 17, 1932.

Bean & Klett, of Lubbock, for appellant.

Benson & Benson, of Lubbock, for appellee.

RANDOLPH, J.

Williams and wife instituted suit in the ·district court of Lubbock county, Tex., against Ed. C. Abbott and the appellant herein. In that suit the appellant filed its plea in abatement, which the trial court sustained, and appellant went out of the case. On trial of that case, Williams and wife recovered judgment against Ed. C. Abbott, which does not appear to have been appealed from. Thereafter Williams and wife filed suit on said judgment against Ed. C. Abbott and the appellant, setting up appropriate facts and seeking to recover the unpaid judgment against the appellant. This suit was tried on its merits and judgment rendered by the district court in favor of Williams and wife for $5,000. From that judgment, the casualty company appealed to this court, and such judgment was affirmed here. 34 S.W.(2d) 396. Application was made to the Supreme Court for a writ of error, which was refused.

It appears from the record before us that in the last-named suit Abbott did not seek to recover his attorneys fees in that case, but later filed in the district court of Lubbock county a suit against appellant, the American Fidelity & Casualty Company to recover the sum of $2,000 as attorney's fees incurred by him in the second above-named suit. On trial of this cause, the suit for attorney's fees, judgment was rendered in favor of Abbott and against the casualty company for the sum of $500. From such judgment the casualty company has appealed to this court, and we will now consider such appeal.

There is no question of res judicata presented to this court by the appellant's brief. The questions, in varied form, are that the casualty company is not responsible on its bond, unless at the time of the child's injury the bus company was operating its vehicle for hire; that the child's injury occurred at a place not covered by the contract of·insurance, in this case, and the insurance company was not obligated to defend suit therefor; that the evidence conclusively shows that Abbott has never paid such attorney's fee; that the evidence showing that the contract sued on covered only those injuries caused by automobiles over a fixed schedule and authorized route, and, the accident in question here sued for occurring off such route, the casualty company was not liable on the bond.

While the Abbott attorney's fees were not litigated in the matter of the American Fidelity & Casualty Co. v. Williams, 34 S.W. (2d) 396, 401, the very issues presented here were presented and decided by this court in our decision upon the question of the right of Williams and wife to recover against the casualty company. Whether or not the decision in that case is conclusive in this case we will now discuss.

In the Williams Case, cited above, it appeared from the opinion that the plaintiffs, Williams, prayed for a recovery of the sums already adjudged against Abbott, that said judgment be confirmed, and for judgment thereon against the·casualty company, in which event the judgment against Abbott was asked to have canceled.

The casualty company answered, pleading a misjoinder of parties defendant; that this action had. been prematurely brought and should be abated for the reason that under the laws of Texas no execution could be lawfully issued on the judgment which the appellees had recovered therein; that neither the plaintiffs nor the sheriff of Lubbock county had ever attempted in good faith to collect the amount of said judgment, etc. The facts of the case are stated at great length in the former opinion of this court cited above, and absolutely support the opinion, which we will hereinafter partially quote.

This court in its opinion holds:

"The evidence shows that the accident which caused the death of the child occurred about a mile from the bus station in Lubbock within the city limits at about 4 o'clock in the afternoon. * * * It is contended that the court should have directed a verdict for the company because the accident did not occur on the route used by the bus in going from Lubbock to other towns mentioned in its route list. This issue was not directly submitted to the jury.

"By the terms of the original policy, losses arising from accidents occurring while any of the automobiles were driven or used elsewhere than within the 'territorial limits,' as provided, were not covered by the policy. The 'territorial limits' included the town of Lubbock. According to the requirements of the railroad commission, in so far as this record shows, Abbott might have left his bus station over any street within the city limits of Lubbock. Lubbock is part of the territory designated for the operation of his busses, and, as long as he was within the city, he was within his territorial limits."

The evidence shows that the child was run over and killed on a street in the residential part of the city of Lubbock and within its corporate limits.

It appears from the record that the Abbott Bus Company called on the casualty company to defend the suit brought by Williams and wife against it. This question is fully discussed in the opinion in the Williams Case, supra. The casualty company having refused to do so, it was held that it had repudiated its contract, and, upon such refusal of the company to defend, Abbott was forced to assume responsibility and employ attorneys to represent him, and was entitled to recover from the casualty company his expenses necessarily incurred.

Upon the facts presented, which are similar to the facts here, this court, for the abundant reasons stated in the opinion, laid down the law applicable not only to that case and the facts of that case but to all similar cases. The Supreme Court, by its refusal to grant a writ of error, gave the equivalent of its approval of the law so laid down. The questions in this case, with one exception, were fully discussed and settled in that case.

■ The exception we now note is, the amount due and owing to Abbott as reasonable compensation to his attorneys. This having been ascertained and determined by the trial court in the case at bar, nothing remains to be said upon that question. This court in its opinion in the former case specifically held that the contract of insurance insured the "liability" of Abbott as distinguished from a contract of indemnification;

hence it is not material that the plaintiff Abbott did not plead and prove that he had paid his attorney.

As we indicated in the Williams Case, we think the act here in question is constitutional, but refrain from discussing the question that the appellant, being a foreign corporation and having applied for a permit to do business in this state, is estopped to assert the unconstitutionality of the act.

For the reasons stated, we affirm the judgment of the trial court.